IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

SHAWN BROZ, )
 )
      Plaintiff, )
 )
v. ) Case No. 19-2134-DDC
 )
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
 )
      Defendant. )

**<u>AGREED PROTECTIVE ORDER</u>**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because Defendant may produce or disclose documents or information containing confidential, proprietary, or trade secret information regarding its business practices and policies, as well as confidential individual financial or medical information regarding Plaintiff or its employees, and Plaintiff may produce or disclose confidential, individual medical and financial information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Non-Parties**.  Though this Order in and of itself is not binding on non-parties, by signing the Agreement To Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"), a non-party agrees to be bound by the terms of the Order. Non-parties later added to the above-captioned action may be given an opportunity to review the Order and option of joining the Order.

3.      **Use of Litigation Material.**  All Litigation Material, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure or disclosed through the sealed filing of papers with the Court, shall be used for no purpose other than the prosecution and/or defense of this Action absent further Order of the Court. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way each Party's use of its own Confidential Information. Such disclosure by the producing Party shall not waive the protections of this Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Order.

4.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use

outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

- **(a)** medical records;
- **(b)** personnel files;
- **(c)** tax returns;
- **(d)** financial statements and records;
- **(e)** proprietary business records;
- **(f)** trade secrets; and
- **(g)** records whose disclosure is prohibited by statute or other legal obligation.

Information or documents that are available to the public may not be designated as Confidential Information.

**5. Designation of Litigation Materials as Confidential.** Litigation Materials containing Confidential Information shall be so designated by marking the respective pages of the document and where appropriate, the entire document, with the legend "CONFIDENTIAL – Document produced subject to the Agreed Protective Order for use only in: Shawn Broz v. Hartford Life and Accident Insurance Company; Case No. 2:19-cv-02134-DDC-JPO". The confidential designation language will appear as a watermark diagonally across each applicable page. In the event a party produces Litigation Material that it deems to be Confidential Information without designating it as such, the producing party may, by written notice delivered to the receiving party, designate the information Confidential and upon receipt of such notice, every receiving party shall mark the Litigation Material with the confidential designation

language and shall treat it thereafter as Confidential and subject to this Order. Documents made available for inspection in response to a request for production need not be marked with the confidential designation language prior to inspection. However, the producing party following an inspection can mark those documents designated for copying that contain Confidential Information with the confidential designation language specified in subpart 4(a) above. All portions of deposition transcripts shall be treated as Confidential Information if designated as such on the record by counsel for any party hereto, or by counsel for any non-party testifying pursuant to subpoena. The Confidential Information designation shall apply to any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information. Any such material shall also be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

**6.     Contesting Confidential Designation.**  Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within thirty (30) days of receipt or notice of designation of the Litigation Materials as Confidential, and the parties shall use their best efforts to resolve any objection informally. If the parties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential can file an objection with the Court within (45) days of receipt or notice of designation of the Litigation Materials as Confidential if written notice was provided within 30 days, and the matter shall be briefed according to local rules. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party seeking protection.

Designation of materials as Confidential shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

7. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within seven days after discovery of the inadvertent failure.

8. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

9. **Protection of Confidential Material.**

    **(a)** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    **(b)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1) The parties to this litigation, including any employees, agents, and representatives of the parties;

    (2) Counsel for the parties and employees and agents of counsel;

    (3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties

must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**10.     Use of Confidential Information at Hearings, Trial, and Depositions.**

Confidential Information may be referred to in documents filed with the Court such as briefs, memoranda, or other submissions, or made exhibits to documents filed with the Court or at trial, provided that any such briefs, memoranda, exhibits or submissions incorporating or referencing such Confidential Information, shall be filed under seal in accordance with the local rules for the District of Kansas as set-forth in Paragraph 10 below.

In the event that any Confidential Information is used in any court proceeding prior to or at trial, it shall not lose its confidential status through such use.

**11.     References in Open Court.**  Confidential Information may be used by counsel for the parties in connection with any hearing or trial.

**12.     Filing of Confidential Information.**  If a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6(a).

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  *Pro hac vice* attorneys must obtain sealed documents from local counsel.

**13.    Notice of Unauthorized Disclosure.**  If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who received such information.

**14.    Response to Third-Party Discovery.**  In the event that any court requires the disclosure of Confidential Information, the party from whom disclosure is sought shall give immediate written notice to the parties that produced or designated the Litigation Material as Confidential to enable said party to take protective actions as it may deem necessary. In the event a party believes that disclosure is otherwise required by law, it shall give at least 30 days written notice to the parties that produced or designated the Litigation Material as Confidential prior to disclosure.

**15. Obligations on Conclusion of Litigation.**

**(a) Return of Confidential Documents.** Within 30 days of the conclusion of the above-captioned action, the parties agree to return all Confidential Information (including electronically produced materials) and copies thereof to the producing party, or certify in writing that they have destroyed all Confidential Information (including electronically produced materials) and all copies thereof. The provisions of this Order restricting communication, treatment and use of Confidential Information, shall continue to be binding after the termination of the above-captioned action. This provision does not and should not be construed as directing the clerk of the court to return or destroy confidential documents filed in the above-captioned action.

**(b) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**16. Purpose of Order.** This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-

confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

17. **Continuing Force and Jurisdiction.**  After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding and in force. The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But the parties may seek leave to reopen the above-captioned action for purposes of enforcement of the provisions of this Order, including any appropriate sanctions for violations.

18. **Non-termination of Order.**  This Order shall remain in effect for the duration of above-captioned action unless terminated by stipulation executed by Counsel of record for the parties or by order of the Court. The provisions of this Order, insofar as they restrict the communication, treatment and use of Confidential Information, shall continue to be binding after the termination of the above-captioned action unless the Court orders otherwise.

19. **Modification Permitted.**  Nothing in this Order shall prevent any Party from seeking modification of this Order.

20. **Court Personnel and Jury Members.**  Nothing in this Order should be construed to mean it is binding on court personnel or members of the jury.

21. **Non-Waiver.**  Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

**IT IS SO ORDERED.**

Dated:  June 14, 2019

                                                    s/ James P. O'Hara

U.S. Magistrate Judge

**WE SO MOVE**  
**and agree to abide by the**  
**terms of this Order**

**WE SO MOVE**  
**and agree to abide by the**  
**terms of this Order**

_s/ Kyle H. Sciolaro_____  
Signature

__s/ Steven Davidson_____  
Signature

__Kyle H. Sciolaro_____  
Printed Name  
Counsel for Plaintiff

____Steven Davidson_____  
Printed Name  
Counsel for Defendant

Dated: June 14, 2019

# APPENDIX "A"
# AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION[1]

I have read and understand the Agreed Protective Order (the "Order") in the case of Shawn Broz v. Hartford Life and Accident Insurance Company, and pending in the United States District Court, District of Kansas, a copy of the Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of the above-referenced case as set forth in the Order. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Order, I may be subject to sanctions.

_____

Signature

_____

Name (Printed)

_____

Street Address

_____

City State Zip

_____

Occupation or Business

---

[1] Terms not defined herein have the meaning attributed to them in Agreed Protective Order.